UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: WOLFGANG HAESE and
FREDERIKA MARIOZA HAESE,

No. 7-04-18107 ML

Debtors.

---

PHILIP J. MONTOYA, Trustee,

Plaintiff,

v.                                                                    Adversary No. 06-1194 M

OLIPHANT FINANCIAL CORPORATION, and
FOUNDATION RESERVE INSURANCE COMPANY, INC.,

Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on cross motions for summary judgment filed by Defendant Foundation Reserve Insurance Company, Inc. ("FRIC"), by and through its attorneys of record, Martin, Lutz, Roggow, Hosford & Eubanks, P.C. (William L. Lutz), and by Plaintiff Philip J. Montoya, Trustee, by and through his attorneys of record, Moore, Berkson & Gandarilla, P.C. (Bonnie B. Gandarilla). The contested issue of law before the Court is whether FRIC's judicial lien prevails over the interest of the Chapter 7 Trustee in certain real property that the Chapter 7 Trustee has recovered for the benefit of the estate. FRIC contends that a deed by which the property was transferred is void, such that FRIC's judicial lien, which was recorded after the transfer, but prior to the filing of the Debtor's bankruptcy proceeding, attached to the real property and prevails over the interest of the Chapter 7 Trustee. The Chapter 7 Trustee asserts that he recovered the real property at issue under 11 U.S.C. § 548, and that by operation

1

of 11 U.S.C. § 551, the avoided transfer is preserved for the benefit of the estate such that the interest of the Chapter 7 Trustee is superior to FRIC's judicial lien. Upon review of the motions in light of the applicable standards for summary judgment, the Court finds that the Chapter 7 Trustee is entitled to summary judgment as a matter of law.

SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. Cross-motions for summary judgment raise the inference that summary judgment is appropriate, since both parties contend that there are no genuine issues of material fact, and that the only remaining issues are questions of law. *See In re Hiseman,* 330 B.R. 251, 255 (Bankr.D.Utah 2005) (stating that because "'no issue of fact remains to be determined, the court has the power to decide the questions of law and enter summary judgment thereon.'")(quoting *Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.1999)). However, each motion for summary judgment "must independently satisfy the requirements of Rule 56(c)" so that the Court is not relieved of its obligation to determine whether genuine issues of material fact exist. *Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990, 998 (10th Cir. BAP 1997) (citing *Renfro v. City of Emporia*, 948 F.2d 1529, 1534 (10th Cir.1991)).

The following facts are undisputed:

1. Wolfgang Haese and Frederika Marioza Haese (together, "Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 5, 2004.

2. Plaintiff was appointed as the Chapter 7 Trustee for the Debtors' bankruptcy estate.

2

3. Pre-petition, the Debtors acquired certain real property located on El Centro Blvd., Las Cruces consisting of 14 acres of land.[1]

4. FRIC obtained a judgment against the Debtors entered in the District Court of Dona Ana County, New Mexico on November 5, 2002.

5. On November 27, 2002, a Quitclaim Deed reflecting Wolfgang Haese, as grantor, and Carl Haese, the Debtors' son, as grantee, purporting to convey "9 acres of property and all attached buildings located at 7535 El Centro Blvd. Las Cruces, New Mexico 88012" ("Property") was recorded in the real property records of Dona Ana County, New Mexico.

6. FRIC recorded its Transcript of Judgment in the records of the county clerk of Dona Ana County on December 5, 2002.

7. Frederika Haese is not identified as grantor on the Quitclaim Deed. Frederika Haese signed the Quitclaim Deed in the space designated for "Signature of Witness." *See* Exhibit 4.

8. The Chapter 7 Trustee filed an adversary proceeding against the Debtors and Carl Haese seeking to recover the Property conveyed by the Quitclaim Deed. (*See* Adversary No. 05-1032 M). The Complaint filed by the Trustee in Adversary No. 05-1032 asserts the following grounds for recovery of the Property: 1) that the Quitclaim Deed is void under N.M.S.A. 1978 § 40-3-13(A) because Frederika Haese did not join in the transfer, so that the Chapter 7 Trustee is

---

[1] Neither Plaintiff nor Defendant specify that the real property on El Centro was the Debtors' community property; however, Defendant's argument that the Quitclaim Deed is void is dependant upon this assumption, which Plaintiff does not appear to contest. The Complaint filed by Plaintiff in Adversary No. 05-1032 M to recover the transfer alleges that the Debtors acquired the real property as joint tenants and that the property is community property. *See* Trustee's Complaint for Declaratory Judgment that Property is Property of the Estate, to Recover and for Turnover of Property of the Estate and to Avoid and Recover Fraudulent Transfer ("Complaint"), ¶ 8 filed in Adversary Proceeding No. 05-1032 M.

3

entitled to avoid the transfer in accordance with 11 U.S.C. § 544; 2) that the Quitclaim Deed is invalid and unenforceable because it fails to include a sufficient description of the Property as required by N.M.S.A. 1978 § 47-1-46, so that the Trustee is entitled to avoid the transfer in accordance with 11 U.S.C. § 544; and 3) that the transfer is avoidable under the New Mexico Uniform Fraudulent Conveyance Act, N.M.S.A.1978 § 56-10-14, so that the transfer is subject to avoidance under 11 U.S.C. § 544.

9. Judgment by default was entered in favor of the Chapter 7 Trustee and against Defendant Carl Haese in Adversary Proceeding No. 05-1032 M. (*See* Adversary No. 05-1032 M, Docket #6).[2] The order granting the Chapter 7 Trustee judgment by default decreed that the transfer of the Property was avoided, and that the deed recorded November 27, 2002 is of no force and effect and is void.

## DISCUSSION

In Adversary Proceeding No. 05-1032 M, the Chapter 7 Trustee recovered the Property for the benefit of the estate pursuant to 11 U.S.C. § 544. Upon recovery of the transfer by the Chapter 7 Trustee, 11 U.S.C. 551 provides that the avoided transfer "is preserved for the benefit of the estate." 11 U.S.C. § 551.[3] Preservation under 11 U.S.C. § 551 "simply puts the estate in

---

[2]The Chapter 7 Trustee and the Debtors entered into a stipulation of dismissal of Adversary Proceeding No. 05-1032 M. (*See* Docket #7). Carl Haese later sought to set aside the default judgment entered against him in Adversary Proceeding No. 05-1032M, which this Court denied. The Order Denying Motion to Set Aside Default Judgment is now on appeal to the District Court. (*See* Docket # 25 and Docket # 26)

[3]That section provides, in full:
>Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 727(a) of this title, or any lien void under section 506(b) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

11 U.S.C. § 551.

4

the shoes of the creditor whose lien is avoided." *Carvell v. Bank One, Lafayette, N.A. (In re Carvell),* 222 B.R. 178, 180 (1st Cir. BAP 1998). In other words, "the [avoided] transaction remains, but the benefit flows to the bankruptcy estate in the same priority as at state law." *In re Laines,* 352 B.R. 416, 418 n.2 (Bankr.E.D.Va. 2006) (citing *Matter of Delancey*, 94 B.R. 311, 313 (Bankr.S.D.N.Y. 1988)). In this case, having avoided the transfer by Quitclaim Deed of the Property to Carl Haese, the Chapter 7 Trustee steps into the shoes of Carl Haese as transferee of the Property, such that, under New Mexico law, FRIC's judicial lien that was recorded after the transfer of the Property would not attach to the Property which was not owned by the Debtors at the time the judicial lien was recorded. *See* N.M.S.A. 1978 § 39-1-6 (Repl. Pamp.2006) (A transcript of judgment "shall be a lien on the real estate *of the judgment debtor* from the date of the filing of the transcript of judgment in the office of the county clerk of the county in which the real estate is situate.") (emphasis added).

FRIC counters that the Quitclaim Deed is void under applicable New Mexico law, so that the purported transfer had no force or effect, and its judicial lien attached to the Property prior to the filing of the Debtor's bankruptcy proceeding. It is correct that a lien which is avoided due to a state law defect remains subject to the same state law defect in the hands of the Chapter 7 Trustee, and would be subordinate to other properly recorded pre-petition interests. *See* 5 Collier on Bankruptcy ¶ 551.02 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2006) (explaining that "when a trustee avoids a prepetition security interest because the secured party has failed properly to perfect or record its lien, the avoided lien held by the estate is subject to the same state law defect and is likely subordinate to liens properly perfected or recorded pre-petition."). However, the Court cannot conclude based on applicable New Mexico law that the

5

Quitclaim Deed was void.

Pursuant to N.M.S.A. 1978 § 40-3-13, "the spouses must join in all transfers . . . [of] any interest in community real property." N.M.S.A. 1978 § 40-3-13(A) (Repl.Pamp. 2006). Any transfer of community real property that is made by either spouse alone, is void and of no effect. *Id.*[4] The purpose of this section is "to safeguard the interest of a spouse in community real property." *Arch, Ltd. v. Yu,* 108 N.M. 67, 72, 766 P.2d 911, 916 (1988). Since the parties do not contest that the Property was originally acquired by the Debtors as community property, both spouses must "join in" the transfer in order for the transfer to be valid. The Quitclaim Deed identifies only Wolfgang Haese as the grantor. However, Frederika Haese signed the Quitclaim Deed in the space designated as "Signature of Witness." In construing N.M.S.A. 1978 § 40-13-3, the New Mexico Supreme Court has stated that "join in" means "sign." *Hannah v. Tennant,* 92 N.M. 444, 446, 589 P.2d 1035, 1037 (1979) (citations omitted). Because Fredrika Haese signed the Quitclaim Deed, it appears that she "joined in" the transfer, despite the fact that she is not identified as the grantor. Thus, the Court cannot conclude that the Quitclaim Deed is void as a matter of law under N.M.S.A. 1978 § 40-3-13(A) (Repl.Pamp. 2006), based on a failure of one spouse to "join in" the purported transfer.

FRIC cites *In re Mathiason,* 129 B.R. 173 (Bankr.D.Minn. 1991), *aff'd,* 170 B.R. 662 (D.Minn. 1992), *aff'd,* 16 F.3d 234 (8th Cir. 1994); *Lawson v. Liberty Nat'l Bank and Trust Co.,* 18 B.R. 384 (W.D.N.Y. 1982); and *In re Veterans Choice Mortgage,* 291 B.R. 894 (Bankr.S.D.Ga. 2003) in support of its position that its judicial lien attached to the Property the

---

[4]An exception, not applicable here, to the requirement that both spouses join in the transfer is where one spouse holds a validly executed and recorded power of attorney. N.M.S.A. 1978 § 40-3-13(B) (Repl.Pamp. 2006).

Debtors transferred to their son, and prevails over the Chapter 7 Trustee's interest in the recovered Property. Each of those cases hinge upon applicable state law providing that judgment liens attach to property that the judgment debtor has fraudulently conveyed.[5] In *Veterans Choice,* the bankruptcy court considered Georgia fraudulent transfer law which distinguishes between pre-transfer creditor's liens[6] (which only require a showing of constructive fraud) and post-transfer creditor's liens (which requires showing of actual fraud), and determined that the judgment lien creditor would prevail over the interest of the trustee in property the trustee recovers as a fraudulent transfer to the extent the creditor is a pre-transfer creditor. *Veterans Choice,* 291 B.R. at 897-899. However, with regard to property the Chapter 7 trustee recovers as a preferential transfer under 11 U.S.C. § 547, the trustee prevails over the interest of a judgment lien creditor because a preference action is "exclusively reserved to the bankruptcy trustee." *Id.* at 899.

FRIC cites *State ex rel. Hill v. District Court of the Eight Judicial District,* 79 N.M. 33, 439 P.2d 551 (1968) and *Marchbanks v. McCullough,* 47 N.M. 13, 132 P.2d 426 (1942) to show that New Mexico law provides that a judgment lien would nevertheless attach to property a judgment debtor fraudulently transfers. However, in each of those cases, the determination that a judicial lien attached to property the judgment debtor previously transferred was dependent upon a determination as to whether the transfer was fraudulent. *Hill,* 79 N.M. at 34; *Marchbanks,*

---

[5]*See Mathiason,* 129 B.R. at 176 (applying Minnesota law); *Veterans Choice,* 291 B.R. at 897 (applying Georgia law); *Lawson,* 18 B.R. at 386 (applying New York law).

[6]A pre-transfer creditor is a creditor who is a creditor at the time of the fraudulent transfer and then reduces its claim to a judgment lien. *Veterans Choice,* 291 B.R. at 897, n.4 (citing *U.S. v. Hickox,* 356 F.2d 969) (5th Cir.Ga. 1966)).

7

47 N.M. at 16. Unlike the New Mexico statute pertaining to deeds purporting to transfer community property wherein a deed is void *ab initio* unless both spouses have joined in the transfer[7], fraudulent transfers under New Mexico law are voidable, not void. *See* N.M.S.A. 1978 § 56-10-22(A), (B), (D), (E), and (F) (enumerating the defenses under the Uniform Fraudulent Transfer Act, and using the terms "voidable," "avoidable," and "voidability"); *See also, State ex rel. State Tax Comm'n v. Garcia,* 77 N.M. 703, 427 P.2d 230 (1967) (finding that tax deed that was fraudulently obtained was simply voidable, not void). In other words, the effect of a determination that a transfer is fraudulent is that the transferring document is void, but until such determination is made, the subject transfer is merely voidable. *See Hill,* 79 N.M. at 34 ("*If the plaintiff in the trial court can prove that the deed was fraudulent*, then the conveyance . . . *would be void* insofar as it would prevent imposition of [the creditor's] judgment lien.")(emphasis added); *Marchbanks ,* 47 N.M. at 16 (finding that "[t]he only question is whether a certain deed from W.C. McCullough to his mother, the appellee, was executed for the purpose of hindering, delaying and defrauding his creditors. If it was so executed it is void . . . "). Thus, before FRIC's judgment lien can attach to the Property, there must be a determination that the Property was fraudulently transferred. No such determination has been made in this proceeding; nor did FRIC obtain a determination in state court that the Quitclaim Deed constituted a fraudulent transfer under applicable state law. While it is correct that all of a judgment debtor's legal and equitable interests in real property are subject to a recorded judgment lien, *Marx v. City of Tucumcari,* 93 N.M. 4, 595 P.2d 1199 (1979), in this case, the debtors had no interest in the

---

[7]*See Jenkins v. Huntsinger,* 46 N.M. 168, 125 P.2d 327 (1942) (holding that attempted conveyance of community property by one spouse was void, not merely voidable).

8

Property at the time FRIC recorded its lien. And under New Mexico law, a judgment lien attaches only to property *of the judgment debtor. See* N.M.S.A. 1978 § 39-1-6 (Repl. Pamp. 2006). As in *In re Abner,* 288 B.R. 538 (Bankr.C.D.Ill. 2001), a case cited by the Chapter 7 Trustee, while FRIC may have been able to seek a determination under state law that the transfer of the Property was fraudulent, "the intervening bankruptcy prohibited any such action, allowing the Trustee to set aside the transfer under . . . 11 U.S.C. § 548[,]" preserve the transfer for the benefit of the estate in accordance with 11 U.S.C. § 551, and prevail over the competing interest of the judgment lienholder. *Abner,* 288 B.R. at 540. *See also,* 5 Collier on Bankruptcy ¶ 551.02[1] (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. rev. 2006) ("With respect to fraudulent transfers, the estate's priority on the preserved lien is based on the time of perfection of recordation even if an unsecured creditor could itself have avoided the lien prior to the bankruptcy under state law.").

FRIC also argues that the order entered in Adversary Proceeding No. 05-1032 M, which decreed that the Quitclaim Deed was "of no force and effect," establishes that the Quitclaim Deed was void, in effect raising a collateral estoppel argument. However, the order entered in Adversary Proceeding No. 05-1032 M was entered by default. "Federal principles of collateral estoppel apply to prior judgments that are rendered by a federal court." *In re Jordana,* 232 B.R. 469, 475 (10th Cir. BAP 1999), *aff'd,* 216 F.3d 1087 (10th Cir. 2000)(citing *Murdock v. Ute Indian Tribe,* 975 F.2d 683, 687 (10th Cir. 1992) (remaining citations omitted). Federal collateral estoppel requires a showing of the following elements:

> 1. the issue previously decided is identical with the one presented in the action in question,
> 2. the prior action has been finally adjudicated on the merits,
> 3. the party against whom the doctrine is invoked was a party, or in privity with a party,

9

    to the prior adjudication, and
  4. the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*In re Gordon,* 303 B.R. 645, 650-651 (Bankr.D.Colo. 2003) (quoting *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1197-98 (10th Cir.2000)).

Under federal collateral estoppel principles, default judgments are generally not entitled to collateral estoppel effect because none of the issues presented in the prior proceeding have actually been litigated. *Id.* at 654 (noting that "[t]he general rule is that federal court default judgments have no collateral estoppel effect, because none of the issues is actually litigated.") (citing *Arizona v. California,* 530 U.S. 392, 414, 120 S.Ct. 2304, 2319, 147 L.Ed.2d 374 (2000)). Such is the case in Adversary Proceeding No. 05-1032 M, wherein the Chapter 7 Trustee obtained judgment by default based on the failure of Defendant Carl Haese to timely file an answer; consequently, none of the causes of action raised by the Chapter 7 Trustee in Adversary Proceeding No. 05-1032 M were actually litigated. Therefore, the order entered in Adversary Proceeding No. 05-1032 M does not establish for purposes of this adversary proceeding that the Quitclaim Deed is void, and of no force and effect. FRIC's judicial lien, recorded subsequent to the transfer of the Property, did not attach to the Property under applicable state law. Thus, the Chapter 7 Trustee, who steps into the shoes of the transferee of the Property pursuant to 11 U.S.C. § 551 has priority over the judicial lien filed by FRIC.

  WHEREFORE, IT IS HEREBY ORDERED that the motion for summary judgment filed by Plaintiff Philip J. Montoya, Trustee is GRANTED.

                /s/ Mark B. McFeeley
                _____
                MARK B. McFEELEY
                United States Bankruptcy Judge

COPY TO:

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
Attorneys for Chapter 7 Trustee
PO Box 216
Albuquerque, NM 87103-0216

William L Lutz
Attorney for Foundation Reserve Insurance Co., Inc.
PO Drawer 1837
Las Cruces, NM 88004-1837

11